

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JEROME S. GARCIA, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION 3:23-2273-MGL |
| | § | |
| RICHLAND CO. TREASURER DAVID A. ADAMS, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**

Plaintiff Jerome S. Garcia (Garcia) filed this 42 U.S.C. § 1983 lawsuit against Defendant Richland Co. Treasurer David A. Adams (Adams). He is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court this matter be dismissed without prejudice for lack of subject matter jurisdiction. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 6, 2023, and Garcia filed his objections on June 16, 2023. The Court has carefully considered Garcia's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

In Garcia's lawsuit against Adams, he alleges he bought land in fee simple and received demands for taxes. Complaint at 12. He further states he "has a right to ownership of land without paying any such fees for any rights." *Id*. at 13.

In Garcia's first objection, he contends he "has not consented or signed anything that would allow [the Magistrate Judge] to involve herself" in this action. Objections at 1. But, as per Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), "[t]he clerk of court shall assign . . . [a]ll pretrial proceedings involving litigation by individuals proceeding *pro se*."

Thus, it was unnecessary for Garcia, who is proceeding *pro se*, to consent to the Magistrate Judge's involvement and issuance of the Report in this matter. As such, the Court will overrule Garcia's first objection.

Most of the remainder of Garcia's objections concern his argument the Magistrate Judge erred in interpreting his case as a tax case. He insists this is, instead, a "Takings" case, under the Fifth Amendment. Objections at 1 (emphasis omitted). He also raises due process arguments, pursuant to the Fourteenth Amendment, as well as conversion and fraud claims. Additionally, he mentions the Seventh Amendment once, but fails to elaborate.

The gist of Garcia's complaint is he opposes the assessment of taxes on his real property. As the Magistrate Judge noted in the Report, however, "[t]he Tax Injunction Act, 28 U.S.C. § 1341 . . . precludes this court from exercising jurisdiction over [Garcia's] claims." Report at 3. It mandates "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *Id*. "The Act . . . reflects the importance of the taxing power to the operation of state

governments and Congress's desire to keep federal courts from unduly interfering with state revenue collection." *Lawyer v. Hilton Head Public Service Dist. No. 1*, 220 F.3d 298, 301 (4th Cir. 2000).

"Section 1983 claims would be unduly disruptive of the administration of state taxes because petitioners will not recover damages under § 1983 unless a district court first determines . . . [the defendants'] administration of the County tax system violated petitioners' constitutional rights." *Id*. at 302 (citation omitted) (internal quotation marks omitted) (alteration marks omitted). Consequently, "a federal court cannot exercise jurisdiction over a claim for damages under § 1983 challenging a [County] tax so long as the state provides a remedy that is plain, adequate, and complete." *Id.* (citation omitted) (internal quotation marks omitted) (footnote omitted).

Here, Garcia "may pursue [his] claims in state court, where [he] will have an opportunity to raise any and all constitutional objections to [Richland County's] tax scheme. [Garcia] therefore ha[s] a plain, adequate, and complete remedy for [his] claims in state court. *Id*. at 306.

That said, "South Carolina's remedy is not inadequate, within the meaning of the Tax Injunction Act and the comity doctrine, merely because the appellants probably will not obtain their desired relief in state court." *Id*. at 305. "Federal courts, including this circuit, have been unwilling to undermine a state court's authority to deal with state tax issues based on an alleged substantive defect in a state court's remedy." *Id*. In other words, "the Tax Injunction Act . . . does not allow [plaintiffs] to invoke the jurisdiction of the federal courts merely because state precedent is unfriendly[.]" *Folio v. City of Clarksburg, W.Va*., 134 F.3d 1211, 1216 (4th Cir. 1998).

For all these reasons, the Court will also overrule these objections.

The Court has considered Garcia's remaining objections, which are so lacking in merit as to make discussion of them unnecessary. Accordingly, the Court will overrule those objections, too.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Garcia's objections, adopts the Report, and incorporates it herein.

It is therefore the judgment of the Court this matter is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

      **IT IS SO ORDERED**.

Signed this 3rd day of May, 2024, in Columbia, South Carolina.

                                                  /s/ Mary Geiger Lewis  
                                                  MARY GEIGER LEWIS  
                                                  UNITED STATES DISTRICT JUDGE

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.